[Civ. No. 20512. Second Dist., Div. One. Dec. 20. 1955.]

GEORGE STURM, Appellant, v. GLORIA GALE STURM.
Respondent.

Robert T. Whitman for Appellant.

Betty & Campbell and Joseph F. Bender for Respondent.

WHITE, P. J.—By his notice of appeal, plaintiff states that he appeals: (1) "from the order made therein and entered in the minutes of said court on the 25th day of November, 1953, modifying its order previously made and awarding custody of the minor child of the parties to defendant, and from the whole thereof"; (2) "from the order made therein and entered in the minutes of said court on the 7th day of January, 1954, denying plaintiff's exceptions to report of proof and findings of fact and recommendation of court commissioner and affirming the order of November 25, 1953"; and (3) "from the order made on the 7th day of January, 1954, denying plaintiff's Motion for a New Trial."

■ Appellant's first specification of error is that "The affidavit of respondent in support of the order to show cause in re modification is insufficient" for the reasons that: (a) The order sought to be modified was averred therein to have been made by the court on August 28, 1950, whereas the record discloses no order made on that date and the custody order actually modified was a portion of the interlocutory judgment of divorce dated August 31, 1950 and entered September 1, 1950; and (b) The affidavit contains no allegation of facts showing that the best interests of the child require that the order re custody be modified.

An examination of the record on appeal shows that respondent sought modification of the order made August 28, 1950, in the instant action "by the Honorable Frederick F. Houser, Judge Presiding . . . that the care, custody and control of the minor child, Wayne Michael Sturm, is awarded to plaintiff until further order of court." The language last above quoted was that of Frederick H. Houser, Judge Presiding, when, in the presence of plaintiff and his counsel, at the close of the default trial on August 28, 1950, from the bench, he granted the interlocutory decree. It also appears in the interlocutory judgment of divorce and is incorporated by reference in the final judgment. No other order awarding the custody of said minor has been made. Appellant could not have been confused by the inaccuracy of respondent's affidavit in regard to the date of the order sought to be modified.

The record on the instant appeal discloses that appellant did not object to the introduction of evidence on the ground that the affidavit was insufficient, and this question was raised for the first time by his "Exceptions to Report of Proof and Findings of Fact and Recommendation of Court Commis-

sioner and to Order of Court made Thereon under Section 259a(2) of the Code of Civil Procedure.''

A party cannot permit an issue to be litigated and, after it has been decided against him, escape the consequences by claiming that such issue was not pleaded. (*Vaughn* v. *Jonas*, 31 Cal.2d 586, 605 [191 P.2d 432]; *Cockerell* v. *Title Ins. & Trust Co.*, 42 Cal.2d 284, 288 [267 P.2d 16].)

Appellant further contends that the order to show cause dated November 9, 1953, signed by Judge Elmer D. Doyle, ''. . . is fatally defective in that it does not properly describe the exact order in existence sought to be modified and which is capable of being modified. . . . that such defect is jurisdictional, cannot be waived, and is subject to attack on appeal regardless of whether any objection was voiced at the trial as to an alleged deficiency in that regard.''

An order to show cause is simply a notice of a motion. (*McAuliffe* v. *Coughlin*, 105 Cal. 268, 270 [38 P. 730]; *Difani* v. *Riverside County Oil Co.*, 201 Cal. 210, 213 [256 P. 210].) It is in the nature of a citation to a party to appear at a stated time and place to show why the requested relief should not be granted. (*Green* v. *Gordon*, 39 Cal.2d 230, 232 [246 P.2d 38].)

Appellant has cited no authority in support of his contention that the court exceeded its jurisdiction in issuing the order to show cause, or in proceeding to hear the motion for modification of the order re custody. Our research has found no such limitation upon the power of the court. There is no statute prescribing any showing required for modification of an order re custody. (16 Cal.Jur.2d 558, § 268.) Nor is there any statute requiring that the date of an order sought to be modified appear in the order to show cause. It follows that whether a citation shall be issued to a party to appear and show why such modification should not be granted and the form of such citation are both matters within the discretion of the court.

In the instant action, all interested parties were present in court and all questions of fact pertinent to the modification of the portion of the interlocutory judgment relating to custody of the minor child of the parties were fully tried. The claimed deficiencies in the affidavit and the order to show cause did not confuse appellant as to the nature of the hearing or the relief sought. No claim that either the affidavit or the order to show cause was insufficient was made at the hearing before the commissioner. Such claimed de-

ficiencies were first mentioned after the commissioner's report, findings and recommendation had been filed. Such deficiencies are not ground for reversal of the order re custody from which the instant appeal was taken.

A large portion of appellant's briefs is concerned with the weight and preponderance of the evidence. ██ An appellate tribunal cannot consider the preponderance of the evidence or the credibility of witnesses, but must determine whether there is any substantial evidence (ignoring conflicts therein) to support the decision of the lower court.

The record on the instant appeal shows that, when appellant procured the interlocutory judgment of divorce, he had agreed with respondent that the child's custody would be awarded to them jointly; that the prayer of the complaint was for joint custody; that respondent then had the physical care and custody of the child and that, after the interlocutory judgment, appellant allowed her to continue keeping Wayne in her home from August, 1950 to February, 1951; that the child was then three and a half years old and due to his tender years appellant felt that perhaps he ought to be with his mother for a while; the following is a quotation from the reporter's transcript of that default trial:

"THE COURT: Mr. Sturm, the Court doesn't see how it can award the child jointly to both of you for the reason that I think that would make for constant disputes and fighting. Actually the child wouldn't be in joint custody of both of you, he would have to be with one or the other. Now, under those circumstances do you want the child awarded to you or do you want the child awarded to your wife?

"THE WITNESS: Well, sir, that is pretty tough question because right now she is keeping the baby in my opinion in a very unfit home.

"MR. TEEL (attorney for appellant): I will say this, that unfortunately she is living with her father and her father and mother are separated and the father is living with another lady than his wife and the mother seems to be living with another man than her husband and it is not a happy situation at all. The whole history of this thing is bad from the defendant's side. I feel though that three and a half years is a pretty tender age and I think your Honor ought to make the order as you suggested, I really do. I have tried to be kindly toward the woman.

"THE COURT: I don't know, it doesn't seem to me that under the circumstances she is entitled to the custody."

■ In sharp contrast with the picture of respondent's home given the court by appellant and his then attorney, Mr. Teel, at the time of the default divorce trial, respondent and her husband, James Hill, testified at the hearing which resulted in the modification order from which the instant appeal was taken, that they were married in 1951. He testified that they were buying a new home with three big bedrooms, two baths and a large lot; that they had lived there about seven months; that one of the bedrooms is always available for Wayne; that there is a neighbor boy about Wayne's age next door; that the two boys play together every time Wayne comes over; that the witness had been employed by the Los Angeles County fire department for about five years; that he plays professional baseball on some Sundays; that Wayne and his daughter by his former marriage were often taken to the ball games on Sundays; that both children enjoyed those outings; and that all of Wayne's grandparents were welcome visitors at their home.

Also there was evidence that in appellant's home Wayne shared a bedroom with his five-year-old stepsister; that there was considerable conflict because of appellant's present wife's insistance that no one (including appellant's mother and father) be allowed to show more affection for Wayne than for his stepsister; and that none of Wayne's grandparents were welcome in their home. There was other evidence from which the court could fairly have inferred that while in appellant's home Wayne was being subjected to a deliberate attempt to alienate his love for his mother.

The evidence summarized above is sufficient to support the order awarding Wayne's custody to his mother.

Appellant urges that it was an abuse of discretion for the court to deny his exceptions to the findings of fact and report of the court commissioner.

In his opening brief, he states that: ''It is quite obvious from the findings of the commissioner that he gave considerable weight to the interview with the minor child and to the fact that at the time of the interview the minor child was in an emotionally upset condition. It is logical that the child might be upset under such trying conditions. Such a situation where nothing appears in the record as to what took place in the interview or as to what questions were put to the child leaves the parties at a complete loss and disadvantage in arguing or determining the reasoning of the commissioner in arriving at his findings.''

In *Smith* v. *Smith*, 135 Cal.App.2d 100, 105 [286 P.2d 1009], the court said: ''In addition to considering the evidence in the record, the trial judge spoke with Amanda in chambers. He did so with the knowledge and consent of all counsel. The information received by him during that interview was evidence in the case which is not included in the record. As such, it furnishes additional support for the order but is not available for review. (*Swenson* v. *Swenson*, 101 Cal.App. 440, 446 [281 P. 674] ; *Young* v. *Young*, 132 Cal.App. 301, 303 [22 P.2d 564] ; *Morris* v. *Morris*, 121 Cal.App.2d 707, 709 [264 P.2d 106].) Such evidence is quite similar to the view which a trial judge upon occasion takes of property. When the judge takes such a view with consent of counsel, it is ' ''evidence in the case and 'may be used alone or with other evidence to support the findings.' '' ' (*Stegner* v. *Bahr & Ledoyen, Inc.*, 126 Cal.App.2d 220, 225 [272 P.2d 106].) ''

Appellant, in his briefs, admits that there was a stipulation that the child might be interviewed by the court commissioner, but ''insists that there was no stipulation that the interview could be outside the presence of the parties or their respective attorneys and that as an alternative the court suggested that the respective counsel would be afforded an opportunity to submit questions to the Court Commissioner for discussion with the child. This opportunity was not afforded . . . and that the interview occurred after 4:30 after the Court Commissioner had stated that there would be no other opportunity for the interview as the case was going to be finished the following morning and that the boy should not miss school.''

The record on appeal, however, shows that, in the forenoon of November 17th, the second day of the hearing, the commissioner said ''If you have any particular points, either of you, with reference to which you want me to question the child, you can indicate those and I will try to keep that in mind.'' Respondent's counsel then asked if they would be given a little time to indicate, and the commissioner said ''yes.'' Some time after the afternoon recess of the same day the discussion next quoted was had by court and counsel.

''THE COURT: Subject to my talking to the child, to which you have both agreed, do you rest?

''MR. BENDER: Yes.

''THE COURT: Do you want me to talk to the child now? Or do you want to dispose of one of your witnesses?

''MR. BENDER: Well, your Honor, George Sturm has indicated that he would like to have the child spoken with today.

We have no objection. Of course, the matter is up to opposing counsel. It is his case from here on.

"THE COURT: My idea was that I talk to the child now and there would be no need to bring him back tomorrow.

. . . . . . . . . . . . . .

"MR. WHITMAN: Would you be willing to talk to the child after 4:30?

"THE COURT: Sure. I'd like to get through myself.

"MR. WHITMAN: So would I."

 Since the record discloses no objection to the commissioner's interview with the child being conducted outside the presence of counsel and the reporter, that no objection to the time chosen for the interview was made, and that, in fact, appellant's counsel actually suggested that it be "after 4:30," we will not now consider on appeal any objections to the time or manner of conducting the interview. And, this court, having before it no record of the interview which took place or of the questions which appellant might have submitted, must assume that all such questions were asked and answered and that the answers further supported the findings of the commissioner.

The order to show cause *in re* modification of order *re* custody of child was "referred to Commissioner Brock for Findings and Recommendation" November 16, 1953. Hearing was had on November 16, 17 and 18, findings of fact and recommendation by court commissioner dated November 25, 1953, and order of court made thereon as provided in section 259a, subdivision 2, of the Code of Civil Procedure were filed November 27, 1953. Appellant excepted thereto, the matter was argued and submitted, and on January 7, 1954, the court denied the exceptions and affirmed the order. Appellant has specified that minute order as one from which the instant appeal was taken.

 An order either vacating or sustaining the findings of a commissioner and the order of the court based on those findings are not appealable. (*Ellsworth* v. *Ellsworth*, 42 Cal.2d 719 [269 P.2d 3].)

The purported appeal from the order denying appellant's exceptions to the commissioner's report, findings and recommendation is dismissed.

The attempted appeal from the order denying appellant's motion for a new trial is dismissed.

The order dated November 25, filed November 27, 1954, and

affirmed by the superior court, after hearing appellant's exceptions, by minute order of January 7, 1954, entered January 11, 1954, is affirmed.

Doran, J., and Ashburn, J. pro tem.,* concurred.

A petition for a rehearing was denied January 12, 1956, and appellant's petition for a hearing by the Supreme Court was denied February 15, 1956.