392 P.2d 423

**Paul Andrew MAHAFFEY, Petitioner-Appellant,**

**v.**

**STATE of Idaho, Defendant-Respondent.**

**No. 9412.**

Supreme Court of Idaho.

May 11, 1964.

Rehearing Denied June 10, 1964.

Rulon R. Price, Idaho Falls, for appellant.

Allan G. Shepard, Atty. Gen., and Stephen W. Boller, Asst. Atty. Gen., Boise, for respondent.

McQUADE, Justice.

Petitioner-appellant, Paul A. Mahaffey, applied for a writ of habeas corpus on July 22, 1963. He alleged that his confinement was illegal because his sentences were void. More specifically, it was urged therein that the convicting judge had unlawfully delegated to an executive board the judicial function of fitting the punishment to the circumstances of the crime. It was also contended that the sentences imposed were so excessive as to constitute cruel and unusual punishment.

On August 23, 1963, the district court of the Third Judicial District, Ada County, entered a memorandum decision and order denying petitioner's application. This appeal was taken from that denial.

On September 22, 1953, petitioner was convicted in the Eleventh Judicial District Court, Minidoka County, of two charges of robbery and one charge of escape from jail. Sentencing was held on the same day and for each charge of robbery, petitioner was sentenced to "be punished by imprisonment in the state's prison of the State of Idaho for the term of his natural life, the specific term being fixed by the State Board of Corrections as provided by law." For the conviction of escape from jail, petitioner was sentenced to "be punished by imprisonment in the state's prison of the State of Idaho for the term of not to exceed five years, commencing at the expiration of the sentences in the preceding cases, 412 and 413, the specific term to be fixed by the Idaho Board of Corrections." From the time of his sentencing, petitioner has been continuously confined. At the present time he is in a federal penitentiary; however, petitioner has been at all times under the direction and control of the Warden of the Idaho State Penitentiary. See I.C. § 20–248.

Under the terms of I.C. § 18–6503, "Robbery is punishable by imprisonment in the state prison not less than five years, and the imprisonment may be extended to life." Petitioner's first assignment of error raises the question whether the convicting court misapprehended the law when it sentenced him to two terms of life imprisonment for his robbery convictions. Petitioner contends that the trial judge was not aware that he could have sentenced petitioner to less than the maximum term provided for by the above statute.

Petitioner's argument is based primarily upon the provisions of I.C. § 19–2513. Although it has subsequently been amended, at the time the judgments were entered in this cause, the statute read as follows:

"Indeterminate sentence.—The minimum period of imprisonment in the penitentiary heretofore provided by law for the punishment of felonies, * * * hereby is abolished. Whenever any person is convicted of having com-

mitted a felony, the court shall, * * * sentence such offender to imprisonment in the penitentiary for an indeterminate period of time, but stating and fixing in such judgment and sentence the maximum term of imprisonment provided by law therefor, and judgment and sentence shall be given accordingly, and such sentence shall be known as an indeterminate sentence; * * *."

Standing alone, the indeterminate sentence statute, when applied to I.C. § 18-6503, would seem to require the sentencing judge to always assess the punishment for robbery at life imprisonment. However, in State v. Evans, 73 Idaho 50, 245 P.2d 788, which was decided in June of 1952, we held that such a construction would render the statute unconstitutional. We ruled in that case that the indeterminate sentence statute, when applied to a situation such as we have presented herein, must be construed so as to permit the sentencing judge the discretionary right to assess a maximum imprisonment at less than life.

State v. Evans, supra, was decided 15 months prior to the sentencing of petitioner in the instant case. Nevertheless, petitioner contends, primarily from the wording of the sentences, ("* * * the specific term to be fixed by the State Board of Corrections as provided by law.") that the sentencing judge was not aware of and did not exercise his right to fix a maximum sentence at less than life imprisonment as construed by State v. Evans, supra.

■■ It may be conceded that more appropriate words might have been used by the sentencing judge to impose an indeterminate sentence as required by the statute. However, petitioner is asking us to indulge in speculation and presume that the sentencing judge was not aware of existing Idaho law. Such a position is clearly untenable. Error is never presumed and the record must affirmatively show that error was committed. Clear v. Marvin, 86 Idaho 87, 383 P.2d 346 (1963); State v. Cofer, 73 Idaho 181, 249 P.2d 197 (1952); State v. Shaw, 69 Idaho 365, 207 P.2d 540 (1949); State v. Mundell, 66 Idaho 297, 158 P.2d 818 (1945). In the absence of a clear showing to the contrary, we must presume that the sentencing judge properly exercised his discretion in sentencing the petitioner.

Petitioner further alleges that the sentences imposed by the trial court constitute cruel and unusual punishment in violation of Article 1, § 6 of the Idaho Constitution.

■ Ordinarily, this is not the type of question which may be inquired into upon habeas corpus. As we stated in Ex Parte Olsen, 74 Idaho 400, at page 402, 263 P.2d 388, at page 390 (1953):

"In such proceedings as these, the inquiry upon habeas corpus is almost

wholly one as to jurisdiction. If it appears that the court issuing the process by which the petitioner is held, had jurisdiction of the subject matter, jurisdiction of the person of the accused, and jurisdiction to make and issue the particular order or process by which the accused is held, and the order or process is valid on its face, he cannot be discharged by habeas corpus."

There can be no question but what the sentencing judge had jurisdiction to impose the particular sentences in this case. The statutes clearly grant him the power to issue life sentences for robbery and five year terms for escape from jail. I.C. § 18–6503 and I.C. § 18–2505.

Moreover, petitioner had an adequate opportunity to appeal to this court. Having failed to do so, he cannot now employ habeas corpus as an appellate remedy. Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475 (1957); In re Bean, 58 Idaho 797, 79 P.2d 540 (1938); In re Davis, 23 Idaho 473, 130 P. 786 (1913).

Order affirmed.

KNUDSON, C. J., McFADDEN and TAYLOR, JJ., and ANDERSON, D. J., concur.