399 P.2d 262

Frances W. PATTON, Plaintiff-Appellant,

v.

N. H. PATTON, Defendant-Respondent.

No. 9470.

Supreme Court of Idaho.

Feb. 9, 1965.

Rehearing Denied March 8, 1965.

R. M. Whittier, Pocatello, for appellant.

Milton E. Zener, Pocatello, for respondent.

McQUADE, Chief Justice.

In 1960 a decree of divorce was entered in favor of the plaintiff (wife and appellant herein) upon default of the defendant (husband and respondent herein).

An agreement between the parties relating to support and maintenance of the appellant and care, custody and control of the minor children was approved by the district court and by order incorporated into the decree of divorce.

The agreement between the parties vested in the respondent visitation rights in the form of custody of the children during summer months, at which time the agreement requires respondent to take a vacation and personally be with the children during the time of such custody. The agreement further provided that $75.00 be paid by respondent monthly for support of each child.

In 1963 the district court issued a show cause order directing the appellant to:

"* * * show cause why the decree heretofore entered in said cause should not be modified so as to provide that the care, custody and control of the minor children of the parties be vested in the Defendant [respondent], or such modification of the decree as the Court shall determine to be to the best interest and welfare of said minor children."

The show cause order was predicated upon allegations in respondent's affidavit that the appellant neglected the children and that appellant intended to leave Idaho with the children, thereby to divest this state of jurisdiction over the children.

After a hearing the trial court made a finding of fact that both appellant and respondent were fit persons to have care, cus-

tody and control of the minor children. Upon such findings the trial court based its modification order. The trial court made no finding concerning the contention of respondent that appellant had neglected the children. The order granted respondent custody of the children commencing two weeks after the close of the school term of such school as said children may attend and retaining such custody until three weeks prior to the opening of the school term, also for one-half of any Christmas vacation. The court also ordered that respondent be relieved from paying child support while the children are in his custody during the summer months.

From this order of the trial court, appellant has taken her appeal.

Appellant argues that the trial court erred by modifying the decree as to support money in that notice of the hearing did not raise an issue concerning support money, thereby to advise appellant that she must defend against such an issue at the hearing. Appellant also contends that the evidence is insufficient to support the findings of fact and the order modifying the decree as to child support.

The appellant contends that the order to show cause raised issues only as to full-time custody of the children, despite the phrase, "or such modification of the decree as the Court shall determine to be to the best interest and welfare of said minor children." The appellant contends this latter quoted language is insufficient to put her on notice of any issue other than general custody of the children and that since the trial court found that she was a fit and proper person, thereby refusing to change the custody, there was no basis upon which to modify the decree as to support money.

Appellant argues that Rule 7(b) (1) is the appropriate Rule of Civil Procedure relating to the technical requirements of the contents of an order to show cause. Ordinarily the order to show cause is issued by the court, predicated upon motion and affidavit of the moving party.

In Wenzel v. Wenzel, 76 Idaho 7, 276 P. 2d 485 (1954), this court said:

"This proceeding was brought by the father to have the decree modified and the children's custody awarded to him. The mother resisted the application and by a separate motion asked to have support money payable by the father increased; also filed a motion for attorney fees and costs. *On issues joined the matter was heard.*" (Emphasis supplied)

■ Custody of children is a continuing matter before the court and as was said in Stewart v. Stewart, 32 Idaho 180, 180 P. 165 (1919):

"Courts of equity possess a continuing jurisdiction over the custody of

children and an inherent power to amend, modify, or annul orders of custody, which, in their nature, are but temporary, as the welfare of such children under changing conditions may demand."

I.R.C.P. Rule 7(b) (1) is the applicable rule and its requirement of particularity aids in the formulation of the issues. However, this does not limit expansion of the issues.

Rule 7(b) (1) reads:

"An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion."

 "The Rule provides that a motion must state with particularity the grounds therefor, and the relief or order sought. Reasonable specification is all that the requirement of particularity imposes." Moore's Federal Practice, Vol. 2, p. 1542. It was stated that such requirement of particularity was not intended to be a matter of form but was real and substantial. Steingut v. National City Bank of New York, D.C., 36 F.Supp. 486

(1941); United States v. Krasnov, D.C., 143 F.Supp. 184 (1956), affirmed 355 U.S. 5, 78 S.Ct. 34, 38, 2 L.Ed.2d 21, 22. In Steingut, supra, it was stated that "There should be strict compliance with the rules, otherwise they will be whittled away and become meaningless and unenforceable." Further, practice demands that the basis of the motion and the relief sought shall be clearly stated. If this be done to the end that the other party may not assert surprise or prejudice, the requirement is met. Monjar v. Higgins, D.C., 39 F.Supp. 633 (1941). And, where it fails to state with particularity, then it is not in conformity with the Rules. Trammell v. Fidelity & Casualty Co. of New York, D.C., 45 F.Supp. 366 (1942).

 Appellant contends that the court had no jurisdiction over minor children because the property settlement agreement providing for their custody and support had been incorporated into the divorce decree. Jurisdiction over minor children is not lost by a contractual agreement between the parents. While the husband and wife are competent parties to contract, Parke v. Parke, 76 Idaho 168, 279 P.2d 631 (1955), the minor children are not competent.

"Decrees and orders affecting the custody and support of children are subject to the continuing control of the court and do not become final.

\* \* \* Under the foregoing statute (assuming the parties and the children remain subject to its jurisdiction) the court may make a valid order for the support of the children 'after judgment', \* \* \*." Application of Martin, 76 Idaho 179, 183, 279 P.2d 873, 875, 53 A.L.R.2d 582 (1955).

"An order modifying a decree relative to the custody of a child or children should only be made upon a showing of material, permanent and substantial change in the circumstances or conditions of the parties." Wilson v. Wilson, 73 Idaho 326, 329, 252 P.2d 197, 198 (1953).

See also McMurtrey v. McMurtrey, 84 Idaho 314, 372 P.2d 403 (1962); Application of Anderson, 79 Idaho 68, 310 P.2d 783 (1957); Kalousek v. Kalousek, 77 Idaho 433, 293 P.2d 953 (1956); Fish v. Fish, 67 Idaho 78, 170 P.2d 802 (1946); Simpson v. Simpson, 51 Idaho 99, 4 P.2d 345 (1931).

■ Jurisdiction of the court continues after judgment for protection and welfare of such children. Stewart v. Stewart, 86 Idaho 108, 383 P.2d 617 (1963); Embree v. Embree, 85 Idaho 443, 380 P.2d 216 (1963); Smith v. Smith, 67 Idaho 349, 180 P.2d 853 (1947); I.C. § 32–705.

■ The interests of the child are paramount and any action which touches upon the custody or care of the child should be such as to operate in that child's best interests. Brown v. Brown, 82 Idaho 308, 353 P.2d 393 (1960); Peterson v. Peterson, 77 Idaho 89, 288 P.2d 645 (1955); Jeppson v. Jeppson, 75 Idaho 219, 270 P.2d 437 (1954); Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323 (1948); Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000 (1941).

The divorce decree and the incorporated agreement defined visitation rights of the respondent by awarding to him custody of the children during the summer months when he might take a vacation and be able to attend to their custody and welfare. The order of modification granted to respondent the right of custody during summer months without mentioning necessity of his personally being with the children while in his care. Custody rights of respondent are substantially the same in the original decree as in the modification thereof.

■ Appellant is entitled to receive notice of those issues to be determined by the court. In Miller v. Prout, 33 Idaho 709, 197 P. 1023 (1921), this court quoted with approval from Reynolds v. Stockton, 140 U.S. 254, 11 S.Ct. 773, 35 L.Ed. 464:

" 'A judgment to be conclusive upon the parties to the litigation must be responsive to the matters controverted.

Nor are we concerned with the question as to the rule which obtains in a case in which, while the matter determined was not, in fact, put in issue by the pleadings, it is apparent from the record that the defeated party was present at the trial and actually litigated that matter. In such a case the proposition so often affirmed that that is to be considered as done which ought to have been done, may have weight, and the amendment which ought to have been made to conform the pleadings to the evidence may be treated as having been made. Here there was no appearance after the filing of the answer, and no participation in the trial or other proceedings. Whatever may be the rule where substantial amendments to the complaint are permitted and made, and the defendant responds thereto, or where it appears that he takes actual part in the litigation of the matters determined, the rule is universal that, where he appears and responds only to the complaint as filed, and no amendment is made thereto, the judgment is conclusive only so far as it determines matters which by the pleadings are put in issue.'" 33 Idaho at 715, 197 P. at 1025.

 There was no evidence submitted by the parties relating to modification of support payments during any period of time in which respondent was entitled to partial custody of the children. And respondent's contention that the trial court considered precisely that point and in the exercise of its discretion has made its determination, and that the same is fully supported by the testimony in the case, is not supported by the record before us. The only evidence in the record having reference to change of conditions or circumstances of the parties is that relating to a change of residence by the appellant from the area of southern Idaho and northern Utah to the State of Georgia. There is no evidence in the record establishing a change in conditions or circumstances of the parties relating to support money. Therefore, the trial court having no evidence upon which a modification of the decree relating to support money can be sustained, it is ordered that the order modifying the decree as to support money be reversed. However, this is not to be construed as affecting the respondent's right to the custody of the children during the summer months without the requirement of personally attending to their welfare.

This order as herein modified is affirmed. Costs to appellant.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.