401 P.2d 541

Doreen K. LEONARD, In the Matter of the Adoption of Orval Kent Leonard and Teresa Ann Leonard, Minors, Plaintiff-Respondent,

v.

Jones Orval LEONARD and Anna Jane Leonard, Defendants-Appellants.

No. 9480.

Supreme Court of Idaho.

April 27, 1965.

Annest & Hibbert, Burley, for appellants.

488

Church & Church, Burley, for respondent.

KNUDSON, Justice.

Appellant Jones Orval Leonard and respondent, Doreen K. Leonard, intermarried on April 9, 1953. Two children, named Orval Kent Leonard and Teresa Ann Leonard, were born the issue of this marriage. On December 19, 1961, appellant obtained a decree of divorce dissolving said marriage. In the divorce action respondent, Doreen K. Leonard, as defendant, was served with

summons and complaint, but she did not enter an appearance therein and a default decree was entered.

On June 3, 1962, appellants, Jones Orval Leonard and Anna Jane Leonard, intermarried. On March 14, 1963, they filed a petition for adoption by Anna Jane Leonard of the two minor children, Orval Kent Leonard and Teresa Ann Leonard. On March 15, 1963, an order of adoption was executed and filed by the judge of the probate court, Cassia County, Idaho, granting the petitioner's request for adoption. The adoption proceedings were had and order of adoption entered without any notice having been given to respondent and without her consent.

On July 31, 1963, respondent filed in the probate court of Cassia County, Idaho, her petition to set aside the order of adoption. After a hearing had on August 30, 1963, this petition was denied by order entered September 12, 1963. Under notice of appeal filed September 23, 1963, respondent appealed to the district court of the eleventh judicial district of Idaho from the order denying said petition.

The records disclose that at a pretrial conference held November 15, 1963, the parties, after presenting arguments, submitted to the district court the question of whether the order of adoption is valid since it was entered without the consent of the petitioner (Doreen K. Leonard) and without notice to her.

Under date of December 5, 1963, the district court entered its order setting aside the order of adoption issued by the probate court and declaring it to be null and void. This appeal is from said order.

Appellants' brief contains eleven assignments of error. Basically these assignments can be grouped into three principal contentions, to-wit: (1) the court erred in setting aside the order of adoption; (2) the court erred in ruling that respondent's consent was necessary to a valid adoption by appellant wife; (3) the court erred in ruling that notice to respondent of the adoption proceeding was necessary to its validity.

Appellants' contention that respondent's consent was not necessary to the validity of the order granting the adoption is based upon the provisions of I.C. § 16–1504, to-wit:

"A legitimate child can not be adopted without the consent of its parents, if living, nor an illegitimate child without the consent of its mother, if living, except that consent is not necessary from a father or mother deprived of civil rights, or adjudged guilty of adultery, or of cruelty, and for either cause divorced, or adjudged to be an habitual drunkard, or who has been judicially deprived of the custody of the child on account of cruelty or neglect. If it can be shown satisfactorily to the judge that the parent or parents have aban-

doned it, or if the father has unlawfully ceased to provide for its support, then it may be adopted by the written consent of its legal guardian. or mother; if no guardian, then of its nearest relative; if no relative, then by the consent of some person appointed by the judge to act in the proceedings as the next friend to such child. The consent of a parent who is a minor shall not be voidable because of that minority."

Appellants allege in their petition to adopt and repeatedly state in their brief that the decree which was entered in the divorce action prosecuted by appellant Jones Orval Leonard against respondent, was granted upon allegations and proof that the defendant (respondent) was guilty of adultery, cruelty and desertion. The decree does not state the specific cause or causes for which it was entered. It merely provides "that the plaintiff have judgment and decree of this court in accordance with the complaint filed herein."

The complaint referred to is not fully set out or contained in this record, however in appellants' "Return on the Petition to Set Aside Order of Adoption" they have quoted paragraph V of said complaint which purports to be the charging part thereof. Said paragraph V alleges as follows:

"V.

"[1.] That during the marriage of the plaintiff and defendant the defendant treated the plaintiff in a cruel and inhuman manner, that some of the acts of cruelty are as follows:

(A) That since December, 1959, and for at least six months prior thereto the defendant has engaged in numerous affairs with other men, some of which were in the presence of the above named children.

(B) That the defendant has refused and does now refuse to live with the plaintiff as husband and wife and to participate in those matters which are incidental of the marriage relationship. (C) That the defendant has willfully deserted the household and family of the plaintiff and defendant.

"2. That the defendant has willfully deserted the home of the plaintiff and defendant and although the plaintiff has made repeated efforts to cause the defendant to return and live with him as husband and wife the defendant has refused."

When the cause of adultery is relied upon for a divorce, such charge should be stated with sufficient definiteness and certainty as to the time and place as will enable the defendant to know what he will be called upon to meet at the trial. 17 Am.Jur., § 336, p. 499; Rice v. Rice, 46 Idaho 418, 267 P. 1076. No charge of adultery is al-

leged or mentioned in the foregoing quoted allegations which are clearly insufficient to support a decree of divorce on the ground of adultery.

■ Under I.C. § 32–703 the courts of this state are required to demand proof of the facts alleged before a valid decree of divorce may be granted. This court has announced that it is a matter of public policy that divorces, especially on the ground of adultery, should be granted only upon very clear and conclusive evidence. Brown v. Brown, 27 Idaho 205, 148 P. 45.

■ We have heretofore announced that adoption statutes which are open to construction and interpretation should be strictly construed and every intendment taken in favor of the natural parent not consenting to adoptions. Smith v. Smith, 67 Idaho 349, 180 P.2d 853. In this connection we call attention to the following quoted provisions of I.C. § 16–1504, to-wit:

"* * * except that consent is not necessary from a father or mother deprived of civil rights, or *adjudged guilty of adultery, or of cruelty,* and for either cause divorced, · * * *" (emphasis supplied)

This section clearly requires that the parent be "adjudged guilty" of adultery or cruelty before his or her consent is not required. In determining what is meant by the above italicized words, "adjudged guilty of" as used in said statute we refer to the following definitions, to-wit:

"Adjudge—to pass on judicially, to decide, settle or decree * * *" Black's Law Dictionary, 4 Ed.

"Adjudge—to determine in the exercise of judicial power; to decide or determine judicially; to adjudicate, order or decree." Webster's New International Dictionary, 2 Ed.

To adjudicate is "to settle in the exercise of judicial authority. To determine finally." Synonymous with "adjudge" in its strictest sense. Haney v. Neace-Stark Co. (1923), 109 Or. 93, 216 P. 757, 219 P. 190; United States v. Irwin, 127 U.S. 125, 8 S. Ct. 1033, 32 L.Ed. 99.

■ Nowhere in this record is there any showing that respondent has ever been adjudged guilty of adultery. The reporter's transcript of the testimony and proceedings had upon appellant's said divorce complaint is also a part of the record before us, and after careful examination we are unable to find therein any evidence whatever which can be construed as competent evidence establishing a charge of adultery. We therefore conclude that the divorce was not granted on the ground of adultery.

In an endeavor to ascertain which of the two remaining grounds, cruelty and desertion, was recognized by the court as cause

for the divorce, we have considered both the complaint and the proof submitted in support of it. Three of the four subparagraphs of the charging part of the complaint allege desertion on the part of respondent. In the remaining subparagraph it is alleged that respondent engaged in affairs with other men. The record discloses that the plaintiff (appellant Jones Orval Leonard) submitted evidence in support of each of said allegations but it is impossible to determine which of the two alleged grounds the court considered as being adequately supported to sustain a decree. There is no finding that respondent was adjudged guilty of extreme cruelty.

■ The record before us does not disclose what proof was submitted to the probate court at the hearing upon appellant's petition to adopt. The record does disclose that appellant's petition was filed in the probate court of Cassia County on March 14, 1963, and the order of adoption was dated and filed March 15, 1963. Although under the order of adoption respondent is recognized as the natural mother of the children involved, no language is used therein which tends, in any respect, to explain why her consent to the adoption was not obtained or considered necessary. The burden of establishing that respondent's consent was not necessary rested upon the party seeking the adoption and the probate

court was without jurisdiction to enter the order in the absence of proof that the natural mother's consent was not necessary by reason of the application of some exception mentioned in the statute. In Jain v. Priest, 30 Idaho 273, 164 P. 364, this court stated:

> "In order to authorize the probate court to make an order of adoption without the consent of the parents, it must appear in the record before that court that the case comes within some of the exceptions mentioned in the statute. This, we think, is a jurisdictional requirement, and must be complied with in order to make the order valid."

■ Under respondent's petition to have the order of adoption set aside the validity of such order was challenged upon the ground that under the law her consent was essential to its validity. Although the order denying such petition recites that at the hearing had thereon the respective parties had caused to be "filed with the court their verified pleadings and such other proof and exhibits as were material thereto," no disclosure is made in said order regarding what facts or circumstances, in the opinion of the probate judge, justified or sustained a denial of the petition. If the records of the probate court contain any additional showing which tends to show that under the law respondent's consent to the adoption in-

volved was not necessary, it was clearly the burden of appellants to present it.

We shall now consider appellants' contention that the court erred in holding that notice to respondent of the adoption proceeding was necessary in order to be binding upon her. Appellants admit that no notice of the adoption proceeding was given to respondent. The question here presented was briefly discussed although not decided in the case of Jain v. Priest, supra, wherein this court stated:

> "Conceding that in the cases mentioned in section 2703, Rev.Codes, the consent of the parents to the adoption is not necessary, there is still a question as to whether they should not be notified of the proceedings in order to have an opportunity to show whether or not their consent is necessary. It is indeed drastic to hold that the natural parents may be permanently deprived of their status of parentage and its accompanying rights by a proceeding of which they have no notice."

Later, in Smith v. Smith, 67 Idaho 349, 180 P.2d 853, which involved facts very similar to those with which we are here concerned, this court quoted with approval the following:

> " 'In this case it is not even claimed that the respondent was a party to the decree of adoption, or that she was served with notice, or that she had any knowledge of such proceedings, until after the judgment had been entered. No notice, constructive or otherwise, was attempted to be given to her. It is true the petition alleges that she had abandoned the children, and the court so found, without giving her an opportunity to be heard on that question. It is also true that the decree of adoption recited that the father had the custody, care, and control of the infant children, but this recital was not binding upon her, because she was not a party and had no opportunity to be heard upon it.
>
> *The decree of adoption was binding only upon the parties before the court and their privies.* It was not binding upon respondent, because she was neither a party nor a privy to it. The court therefore had no jurisdiction to determine her rights.' "

In clarification of the facts here being considered, it should be noted that the petition for adoption does not allege abandonment on the part of respondent such as under certain circumstances may be urged as obviating the necessity of personal service or notice. Also, notwithstanding the allegation in the petition for adoption that appellant father "was awarded the sole care, custody, control and education of said minor

children," the decree of divorce in fact contains the following:

"That the plaintiff be awarded the care, custody, control and education of the minor children issue of said marriage, to-wit: Orval Kent Leonard and Teresa Leonard, *subject to the reasonable rights of visitation by the defendant.*" (emphasis supplied)

This question of notice is discussed in 1 Am.Jur., Adoption of Children, § 44, pp. 644–645, wherein it is stated:

"The existence of the facts rendering consent unnecessary, though alleged in the petition, must be judicially determined, and notice is therefore an essential prerequisite to a valid decree and a cutting off of the parent's rights, for even where the parents, by their wrongful neglect or criminal conduct, have forfeited their right to give or withhold consent, it does not necessarily follow that they are not entitled to notice. It is certainly just that they should have an opportunity to be heard concerning the expediency of the adoption, though they are incapable of preventing it, and it is still more necessary that they should have notice that they may be heard upon the question whether they are in a position to give or withhold their consent to the decree, or have deprived themselves of their rights.

So, although no notice may be specified by statute in cases where the rights of the parent have been forfeited by abandonment or other misconduct, notice will ordinarily be required in order to bind the parent on the question of such abandonment or misconduct. The object of notice is not merely to bind those who have not consented and without whose consent the adoption cannot be made. It is more than this—it is to bind those who are entitled to be heard upon the question whether they have forfeited their rights in regard to consent, and to prevent them, if notified, from again raising this question. Although notice is not always specifically required, the judicial proceedings by which adoption is effected are prescribed as a duty of courts of record, wherefore it is presumed that the legislature intended that such proceedings should be in accordance with the usual practice of such courts, requiring notice as an element of due process."

See also Adoption of Bascom (1952), 126 Mont. 129, 246 P.2d 223; In re Hampton's Estate (1942), 55 Cal.App.2d 543, 131 P.2d 565. A like question was considered in Carpenter v. Forshee (1961), 103 Ga.App. 758, 120 S.E.2d 786, wherein the court stated:

"The courts of many States have dealt with the necessity of notice to a

parent whose consent to an adoption is not required. The majority of the cases follow or recognize the rule that notice to the parent is essential, to make the adoption binding on the parent, even though the adoption can be decreed without his consent and even though the statute may not expressly require notice to him.

\* \* \* \* \* \*

"The reason for the rule requiring notice has been expressed by the Florida court: 'Even where adoption statutes do not specifically require personal notice \* \* \* it must be presumed that the legislature intended that the natural parents should have an opportunity to be heard before having their rights to the child declared forfeited; if such statutes are to be upheld as constitutional. \* \* \* To adopt a contrary view would be to recognize that the courts have arbitrary authority to forfeit the rights of the parent to his minor child, without giving him an opportunity to be heard in his own behalf. Such procedure would be despotic in the extreme and contrary to the plainest principles of morality and justice.' "

 Although it is generally understood that consent lies at the foundation of adoption statutes, we recognize that under the laws of some states, including our own,

exceptions to the rule that the consent of both parents is essential, are provided for. The exceptions are justified because under public policy the welfare of the child is considered paramount, and in some cases because the parent by his conduct is considered to have forfeited his parental rights. However, the authority of the court to decree adoption in such cases without consent of the parents does not mean that such parents are not entitled to notice and an opportunity to be heard. We reaffirm the pronouncement hereinbefore quoted from Jain v. Priest, supra, and additionally state that consent or its procedural equivalent, notice, forms the basis of a proceeding for adoption. We consider it to be a jurisdictional fact and a condition precedent with which compliance is essential to full validity and effect of the decree.

The "Order Setting Aside Adoption" dated and filed December 5, 1963, is affirmed upon the ground that the existence of facts rendering consent of respondent unnecessary was not established or judicially determined at the hearing upon appellants' petition to adopt, and that no notice was given respondent of the petition or the hearing held thereon.

Costs to respondent.

McQUADE, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.