611 P.2d 1047

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Dwayne McKinley HOBBS,
Defendant-Appellant.**

No. 13036.

Supreme Court of Idaho.

May 29, 1980.

Susan E. Swanberg, Twin Falls, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Steven M. Parry, Deputy Attys. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Defendant Dwayne McKinley Hobbs appeals from his conviction of delivering, in violation of I.C. § 37–2732(a)(1)(B), a quantity of phencyclidine. Phencyclidine is classified in Schedule III of the Uniform Controlled Substances Act, I.C. §§ 37–2701 et seq., as a controlled substance.

---

Appellant contends his conviction must be reversed because the state did not put before the jury any evidence of phencyclidine's classification in the Act as a controlled substance. We disagree.

 The question whether a substance is designated in the Act as a controlled substance is a question of law for the court, and not the jury, to decide. I.C. § 9–102; *see State v. Harris*, 564 S.W.2d 561 (Mo. App. 1978); *Skaggs v. State*, 260 Ind. 180, 293 N.E.2d 781 (1973); *State v. Carter*, 475 S.W.2d 85 (Mo. 1972). Pursuant to I.C. § 9–101, the district court could have taken judicial notice of phencyclidine's classification and instructed the jury accordingly. *See Skaggs v. State, supra.*

 It is fundamental that error will not be presumed but must be shown affirmatively by appellant on the record. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978); *Mahaffey v. State*, 87 Idaho 233, 392 P.2d 423 (1964). Because the instructions given below have not been made a part of the record on appeal, no error is shown.

The judgment of conviction is affirmed.

BISTLINE, Justice, concurring in the result.

The Court's opinion holds that the appellant's conviction should be affirmed on the basis of the appellant's failure to bring up a record containing the trial court's given instructions, thereby indulging in sheer speculation that the district court may have taken judicial notice of the legislative classification of phencyclidine, and so instructed the jury. Such was one of the State's arguments. The State's brief, however, carefully avoids representing that this did take place, but nevertheless requests the Court to apply the presumption of regularity to proceedings not in the record, and affirm. I disagree with this rationale for two reasons, the first of which has to do with the application of the Idaho Appellate Rules, and the second of which has to do with the inconsistency of the Court's decisions relative to the presumption of regularity and the penalty for failing to bring up an ade-quate record. With regard to the latter it is not possible for the Court to take the stance taken today without overruling the contrary holding of *State v. Lopez*, 98 Idaho 581, 570 P.2d 259 (1977).

In *Lopez* the Court *reversed* the conviction on the basis that the appellate record did not include a reporter's transcript of the evidence showing what acts Lopez performed which were said to be in violation of the statutes criminalizing prostitution. The Court distinguished *Lopez* from *State v. Carringer*, 95 Idaho 929, 523 P.2d 532 (1974):

> "As stated by the Court in *Carringer* :
> " '* * * the words of the questioned statute should not be evaluated in the abstract, *but should be considered with reference to the particular conduct of the defendant.*' (Emphasis supplied.)
> "In *Carringer*, unlike the case at bar, the ugly facts of the specific conduct of the defendant were before the Court and it was on that basis that the Court in *Carringer* stated:
> " 'It is beyond doubt that the defendant's acts fall squarely within the very core of I.C. § 18–6605 as uniformly construed for 58 years.'
> "*As previously indicated, we have no knowledge of the acts allegedly performed* by Lopez." (Emphasis added.)
> 98 Idaho at 588, 589, 570 P.2d at 266–267.

There was in *Lopez* no failure upon the part of the State to bring attention to the appellant's failure in that case to bring up a complete record; a dissent in that case observed that the Court there was in violation of sound and well established rules of appellate review in refusing to indulge in the presumption of regularity which previous cases had held must attend to an incomplete record on appeal. *Lopez*, 98 Idaho at 595, 570 P.2d 259. Lack of consistency does little to enhance the respectability of appellate court decisions.

The Court today predicates its indulgence in the presumption of regularity on the basis that the given instructions might have included one telling the jury that the substance in question was classified, which the

Court cannot know because the record does not contain the instructions. Assuming that there were in this case fifty to seventy-five instructions given by the trial court, the appellant, in order to establish that no instruction was given whereby the court judicially noticed the classification of phencyclidine, would be required to bring up that many pages of instructions, none of which in the opinion of appellant's counsel were germane to the issues being presented on the appeal—in other words, the proof of a negative, at the expense of encumbering the record with valueless material. Such cannot be found to be within the bounds of good judicial administration or appellate practice.

If in fact there was such a given instruction, it was indeed a simple matter for the respondent State to have brought into the appellate record that one single instruction, leaving nothing to surmise. Until today it has been my understanding that the general purpose of the new Idaho Appellate Rules was aimed at streamlining records on appeal, and elimination of the unnecessary. Toward that end, or so I thought, Rule 30 was promulgated. Under its provisions any party to an appeal may move for augmentation of the record, accompanying the motion with a statement setting forth the specific grounds for the request, and where practicable, a copy of the document the augmentation of which is sought. This is exactly the procedure which the State should have here followed. Generally it has been thought to be the philosophy behind the adoption of court-promulgated rules of civil procedure, and appellate rules, to get down to and decide the merits of a controversy. (Earlier presumption-of-regularity cases which pre-dated the adoption of the Idaho Appellate Rules were based largely upon statutory procedures, and accordingly those cases have become outdated.) Today, even with our new rules, we have gamesmanship still prevailing, now in a criminal action, just as it recently prevailed in a civil action, *Fuller v. Fuller*, 101 Idaho 40, 607 P.2d 1314 (1980). The State could have, and the State should have, augmented the record in the manner provided by Rule 30.

Such assumes that there is such an instruction. It there is not, then the State, rather than contending that the appellant should be penalized for the inferred inadvertence of his counsel, might have abandoned the judicial notice argument and centered in on the proposition that the trial court was not required to so instruct the jury.

The real issue here is whether the appellant was charged with a public offense. There is no contention that the legislature did not by the passage of I.C. § 37–2701 et seq., criminalize the unlawful delivery of phencyclidine. The information here charged the appellant with its unlawful delivery. This charged a public offense. If it failed to do so, available to the appellant was the opportunity to demur to the information under the provisions of I.C. § 19–1703(4), or raise the objection at trial, or after trial, by motion in arrest of judgment, on grounds that the facts established "do not constitute a public offense," I.C. § 19–1711.[1] The appellant did not invoke any of these procedures, and obviously the pursuit of such a challenge would have been fruitless, simply because the unlawful delivery of the substance has been criminalized.

I vote to affirm.

---

1. Rule 12, Idaho Criminal Rules, purports to "abolish" demurrers, but nevertheless retains the same provided the challenge being made is captioned a "motion." Such has application only to defenses and objections being raised before trial. Under Rule 12(b)(2) the objection that the information fails to charge an offense "shall be noticed by the court at any time during the pendency of the proceedings"— which is no more and no less than the statutory provisions, insofar as trial court practice is concerned.