523 P.2d 40

**Olive ENDERS and Vickie Christensen, Plaintiffs-Respondents,**

v.

**WESLEY W. HUBBARD & SONS, INC., a corporation, Defendant-Appellant.**

No. 11550.

Supreme Court of Idaho.
June 6, 1974.

Merrill K. Gee, Pocatello, for defendant-appellant.

Robert C. Huntley, Jr., of Racine, Huntley & Olson, Pocatello, for plaintiffs-respondents.

## PER CURIAM.

The parties in this action were previously before this Court in the case of Enders v. Wesley W. Hubbard & Sons, Inc.[1] In that case it was held that the defendant-appellant, Wesley W. Hubbard & Sons, had breached the terms of its lease of ranch land owned by the plaintiffs-respondents, Olive Enders and Vickie Christensen, by sub-leasing a portion of the leasehold. It was held that,

"We therefore conclude that the respondent-lessee's rights to the premises have

terminated. I.C. § 6–303; § 6–316. Hunter v. Porter, 10 Idaho 72, 77 P. 434 (1904).

"The judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion."[2]

On remand, the appellant moved to amend the pleadings in order to assert equitable defenses to termination of the lease. The trial court denied the motion, and amended findings of fact, conclusions of law, and judgment were entered. The trial court found that the lease was breached on March 31, 1970, and that the appellant was liable to the respondents for the reasonable rental value of the ranch from April 1, 1970, through April 1, 1973. The reasonable rental value was determined to be $9,000 per year, making a total of $36,000 owed as the reasonable rental value less $16,000 that was paid, resulting in a total due of $20,000. The appeal is from the denial of the motion to amend the pleadings and the amended findings of fact, conclusions of law and judgment.

The appellant contends that the trial court erred in not allowing him to amend the pleadings because it deprived him of the opportunity of presenting equitable defenses to the holding that the lease was breached by the sub-lease. The respondents' amended complaint in the original action alleged that the appellant had breached the terms of the lease by a sub-lease. The appellant was afforded a full opportunity to answer that allegation in the original action. In Idaho, actions at law and equity have been combined into civil actions,[3] and any equitable defenses to the allegation of breach of the lease should have been presented by the appellant in the original action.[4] Litigation must come to an end at some point in time and the appellant has had his day in court.

---

1. 95 Idaho 590, 513 P.2d 992 (1973).

2. *Id.*, at 1000.

3. Idaho Const. art. V, § 1; I.C. § 5–201; I.R.C.P. 2.

4. As an example, the appellant argues that his equitable defense of waiver was not presented. I.R.C.P. 8(c) lists affirmative defenses that must be plead in the answer to a complaint or they are waived, and one of the enumerated defenses in waiver.

The appellant also contends that the trial court erred in setting the reasonable rental values of the ranch at $9,000 per year. The appellant argues that the trial court used a gross rental value rather than a net rental value in arriving at the $9,000 per year figure. The trial court did not hold a hearing on the reasonable rental value but relied on the evidence introduced during the original trial which included testimony by four different persons. The testimony concerning the rental value is conflicting, but the trial court's finding is supported by the evidence. Factual findings will not be disturbed on appeal when they are supported by substantial, though conflicting evidence and they will not be set aside unless clearly erroneous.[5]

Order denying motion to amend is affirmed. Costs to respondents.

---

5. Baker v. Ore-Ida Foods, Inc., 95 Idaho 575, 513 P.2d 627 (1973) ; Ivie v. Peck, 94 Idaho 625, 495 P.2d 1110 (1972) ; Reardon v. Union Pacific Railroad, 93 Idaho 833, 475 P.2d 370 (1970) ; I.R.C.P. 52(a).