540 P.2d 810

Alma H. EVANS et al., Plaintiffs-Appellants,

v.

**IDAHO STATE TAX COMMISSION,**
Defendant,
and
James Bedingfield et al., Defendants-Respondents.

No. 11418.

Supreme Court of Idaho.

Sept. 30, 1975.

Wallace M. Transtrum, Soda Springs, for plaintiffs-appellants.

Vernon E. Herzog, Jr., of Anderson & Herzog, Pocatello, for defendants-respondents.

DONALDSON, Justice.

Plaintiffs appeal from the judgment of the district court dated May 16, 1973 and from its memorandum decision dated on May 23 of that year. The decision of the district court, which constitutes its findings of fact and conclusions of law, holds plaintiffs estopped to assert against the defendants their claim for reimbursement of the sales tax levied against them in the sale of their property to defendants. We affirm.

Plaintiffs-appellants were the sole shareholders of Trail Motel, Inc. which owned and operated a motel, cafe and lounge in Soda Springs. On January 1, 1966, plaintiffs sold the motel complex to respondents James and Hazel Bedingfield who transferred the property to Crest Corporation. On February 1, 1967, plaintiff Alma Evans received a Notice of Deficiency Determination from the state tax collector assessing a sales tax of $2,987.20 on the personal property included in the sale. Plaintiff Alma Evans notified James Bedingfield of the notice but both of them denied responsibility for the tax. On March 16, 1967, plaintiff Alma Evans received notice that a levy would be made on his property for the tax due, which levy was made in the amount of $3,108.90, that sum including interest and penalties. Plaintiffs failed to perfect an appeal of the deficiency determination to the State Tax Commission or the district court within the then allowable sixty day period of time. Idaho Session Laws, ch. 195, § 32 (1965) [am. 1967, ch. 290, § 11; am. 1969, ch. 453, § 17, now I.C. § 63–3632].

Plaintiffs brought this suit against the Idaho State Tax Commission, James and Hazel Bedingfield and Crest Corporation as defendants for the recovery of the sales tax assessment. The complaint was in two counts. The first alleged the sale was not a taxable sale and in the alternative that the statute as applied to plaintiffs was unconstitutional. Plaintiffs prayed for judgment against the Idaho State Tax Commission on this count. The second count merely alleged that if the sales tax was constitutionally chargeable, it was chargeable to and payable by the defendants James and Hazel Bedingfield, and in the alternative by the Crest Corporation, and prayed for judgment against them in the amount of the assessment. The district court entered summary judgment for plaintiffs on the first count holding the Sales Tax Act unconstitutional as applied to plaintiffs. On appeal this Court reversed and remanded, holding that the statute in question was constitutional as applied to the transaction in question. *Evans v. Idaho State Tax Commission*, 95 Idaho 54, 501 P.2d 1054 (1972). The suit was subsequently dismissed as to the Idaho State Tax Commission. Trial was then had on the remaining count on May 16, 1973 in the district court, sitting without a jury.

The following facts were undisputed at trial: Negotiations for the sale began in the late summer or early fall of 1965. These culminated in a meeting on November 9, 1965. Appellants Alma and Idelia Evans attended the meeting together with their attorney and their accountant. James and Hazel Bedingfield were also present with their attorney and their accountant. The meeting resulted in a memorandum of intent signed by the principals to the sale. This was the only meeting at which a sales tax was discussed, but the memorandum of intent was silent as to who was to be responsible for it.

The testimony concerning statements made by the various parties at this meeting was contradictory. The trial court, however, made the following findings:

During the discussion of the possible sales tax, inquiry was made of the State Tax Commission. The response received was either "We don't know," or "there will be a sales tax imposed." The parties discussed the possibility this sale would come within an exemption provided for occasional sales occurring not more than two times during a calendar year. Respondent Bedingfield advised all present that he would pay no more money for the business, sales tax or no sales tax. Plaintiffs-appellants'

attorney advised all present that if there was a sales tax they would fight it on the ground that there was no taxable transaction. The trial court concluded that this statement "commits plaintiffs to a position of not requiring defendants to pay the sales tax levied."

Appellants claim "the trial court erred in placing sales tax liability on seller rather than buyer on the theory of estoppel." To support their claim, they first argue that "there is a complete lack of competent testimony and evidence before the court to sustain a finding of estoppel as between the parties * * *."

■ We find the doctrine of quasi-estoppel applicable to these facts. That doctrine is properly invoked against a person asserting a claim inconsistent with a position previously taken by him with knowledge of the facts and his rights, to the detriment of the person seeking application of the doctrine. *KTVB, Inc. v. Boise City,* 94 Idaho 279, 282, 486 P.2d 992 (1971). The doctrine is distinguished from an estoppel in pais in that no concealment or misrepresentation of existing facts on the one side, no ignorance or reliance on the other, is a necessary ingredient. *KTVB, Inc. v. Boise City, supra* citing *Clontz v. Fortner,* 88 Idaho 355, 399 P.2d 949 (1965).

■ Where the findings of fact of the trial court are supported by substantial though conflicting evidence, they will not be set aside unless clearly erroneous. *Enders v. Wesley W. Hubbard & Sons, Inc.,* 95 Idaho 908, 523 P.2d 40 (1974); I.R.C.P. 52(a). There was sufficient evidence here to support the trial court's findings. These findings support the conclusion that appellants had assumed responsibility for the tax. It would be unconscionable to allow appellants now to shift the tax liability and hold respondents liable for this tax, particularly where they failed to perfect their statutory appeals.

■ Appellants argue that they would have committed a misdemeanor under § 19(d) of the Sales Tax Act of 1965 if they had contracted to assume and pay the sales tax levied against the transaction.[1] The application of estoppel by the trial court, they assert, imposes just such an illegal contractual provision upon them. They conclude that the trial court's action is void, citing the principle that illegal contracts are unenforceable.

Appellants' authority is accurate but not apt. The effect of the trial court's holding is not to conjoin new provisions to the contract but rather to leave the parties as it found them prior to this action.

We find that no error was committed by the trial court and accordingly affirm its judgment. Affirmed. Costs to respondents.

McQUADE, C. J., and McFADDEN, SHEPARD and BAKES, JJ., concur.

---

1. Idaho Session Laws, ch. 195 § 19 (1965) [am. 1974, ch. 175 § 1. Now I.C. § 63-3619].

    "(d) It is unlawful for any retailer to advertise or hold out or state to the public or to any customer, directly or indirectly, that the tax or any part thereof will be assumed or absorbed by the retailer or that it will not be added to the selling price of the property sold or that if added it or any part thereof will be refunded. Any person violating any provision of this section is guilty of a misdemeanor."