546 P.2d 855

**John C. McFARLIN, Plaintiff-Appellant,**

v.

**Hilda Beth (McFarlin) CRAWFORD,
Defendant-Respondent.**

No. 11837.

Supreme Court of Idaho.

March 2, 1976.

Robert S. Williams, Moscow, for plaintiff-appellant.

No appearance for defendant-respondent.

McFADDEN, Justice.

Respondent Hilda Beth McFarlin (Crawford) sought modification of a decree of divorce so as to require her former husband, appellant John C. McFarlin, to pay child support for the children of the marriage. The district court, finding that the appellant had a duty to support two children of the marriage, modified the decree and McFarlin appealed. We reverse.

The parties were divorced July 12, 1968. The decree of divorce dissolved the marriage, granted custody of the three children of the marriage to Mrs. Crawford, "approved, confirmed, and ratified" a property settlement agreement of the parties, and decreed property to the parties in accordance with the agreement.

By the property settlement agreement, Mrs. Crawford received the family home, the household goods and furniture, a 1964 automobile, the family business known as the Arctic Circle, and certain shares of Arctic Circle stock. McFarlin received 215 shares of Arctic Circle stock, a 1967 automobile, personal items and $25,000.00 in cash. The wife agreed to assume all debts and liabilities existing on the house, furniture and appliances, and the family business. The husband agreed to assume a

debt on the 1967 automobile which he received. The parties stipulated that "the family business * * * has an excellent income that [sic] she will support and maintain the children of the parties thus relieving the husband of making any support and maintenance payments for and on behalf of said children."

In 1973, Mrs. Crawford sold the family business known as the Arctic Circle, married her present husband, a resident of Salt Lake City, Utah, and moved with the children to Salt Lake City. McFarlin has also remarried.

Mrs. Crawford petitioned to modify the decree of divorce, seeking child support for the three children. The district court modified the decree of divorce and ordered McFarlin to pay child support on behalf of the two youngest children in the amount of $50.00 per month per child, the oldest child having reached the age of majority. The court further ordered that, when the next older child who was awarded child support died, married or obtained majority, the child support payments on behalf of the youngest daughter would be increased to $75.00 per month. The husband appeals from the judgment modifying the decree of divorce.

This appeal raises two issues: as child support was provided for in the property settlement agreement, may the court, upon a showing of a material and permanent change of circumstances, in effect modify the agreement to provide for child support; if the court may modify the agreement, did the trial court abuse its discretion by finding a permanent and material change in circumstances had occurred and awarding child support for the two children in the amount of $50.00 per child per month.

I

McFarlin contends that the property settlement agreement was not merged into the divorce decree and that the agreement was an integrated contract between the parties; he argues that the court may not modify the decree as the court would be modifying a contract between the parties.

■ The underlying assumption of McFarlin's argument is that the parties may determine the rights of the children to child support by entering into a property settlement agreement in contemplation of a divorce. This assumption is in direct conflict with past decisions of this court.

"* * * This Court has consistently held that the district courts have continuing jurisdiction to enforce, and, if necessary, to modify their decrees relating to minor children [as to care, custody and support]. (Citations omitted.)

"The parties cannot by contract or agreement divest the court of its continuing jurisdiction in the matter of minor children. (Citation omitted.)" *Phillips v. Phillips*, 93 Idaho 384, 387, 462 P.2d 49, 52 (1969).

*Accord, Patton v. Patton*, 88 Idaho 288, 399 P.2d 262 (1965); *Keyes v. Keyes*, 51 Idaho 670, 9 P.2d 804 (1932). Thus, we must reject the respondent's contention. The trial court, upon a finding of permanent and material change in circumstances as to child support, may modify its decree to provide for child support. I.C. § 32–705. *See* 61 A.L.R.3d Annot. Modification of Child Support Decree, § 7, p. 679 (1975).

II

The second issue raised by this appeal is whether the trial court erred in finding a permanent and material change in circumstances and in ordering McFarlin to pay $50.00 per month support for each of his two minor children. McFarlin submits that Mrs. Crawford failed to meet her burden of proving that a material and permanent change in circumstances requiring modification of the decree had occurred.

The district court found:

"That a change in circumstances was alleged and proven. Specifically, the cost of living has increased from July of 1968 through September of 1974 in the amount of 45.8%. In addition, the con-

tract does not fill its purpose of providing the children with support in that the business has been sold and that there is no income available for the children's support from the business."

Upon the basis of this finding as to the circumstances of Mrs. Crawford, the district court modified the decree of divorce to provide for child support of the two children.

Under the terms of the property settlement agreement, Mrs. Crawford received the Arctic Circle business with the understanding that the children would be supported from the income derived from the business. McFarlin testified at the modification hearing that the community property (whose principal assets were the family business and the family home) had been divided one-third to the husband, one-third to the wife, and one-third to the wife for support of the children. He further testified that the estimated value of the business at the time of divorce was $75,000.00 to $80,000.00 for which he received $25,000.00 cash from Mrs. Crawford as his share. The cash for this purpose came from a loan taken out by Mrs. Crawford. Mrs. Crawford did not testify as to the business's estimated value at the time of the divorce.

Mrs. Crawford sold the business in 1973, receiving approximately $30,000.00 only from the sale. She testified that, from the proceeds of the sale, she paid $12,000 on a business debt, and the balance of the loan for $25,000.00. She stated that "the net income [proceeds] from the sale was less than $3,000.00". She also testified that she sold the family home at that time, for which she received $7,700.00 cash after expenses of the sale, with the balance due her to be paid at $80 per month for 10 years. She testified that from the sale of the business and the home she accumulated approximately $10,000.00, and that $5,000.00 was spent on expenses for moving to Salt Lake City and for clothing for the children and herself, and $5,000.00 was placed in a savings account in trust for the children. According to the record, Mrs. Crawford had withdrawn $2,700.00 from the savings account to help her husband meet the payroll of a corporation of which he was a stockholder. She testified that she invested $17,000.00 in a home in Salt Lake City but that title to the home was held by her husband.

■ A divorce decree may not be modified as to child support unless a permanent, material change in circumstances has been alleged and proven. *Embree v. Embree*, 85 Idaho 443, 380 P.2d 216 (1963). In a petition to modify a decree of divorce, the moving party has the burden of proof as to changes in the circumstances of the parties. *Larkin v. Larkin*, 85 Idaho 610, 382 P.2d 784 (1963).

■ No evidence was presented as to the costs of providing the children's support and maintenance or as to their standard of living other than testimony that one child might require medical care for a foot problem and that both children would require orthodontic care; however, the district court found the McFarlin was not obligated to pay these costs of health care. Moreover, the record is silent as to Mrs. Crawford's ability to support the children and the resources available for her support; she did testify that she was unable to work at the time of the hearing because of pending surgery, but she did not testify as to any permanent condition which would limit her ability to work. Upon the basis of the record before us, we find that there was not sufficient evidence to support the trial court's order finding that a material and permanent change in circumstances had occurred.

Although the order modifying the divorce decree must be reversed, Mrs. Crawford may institute a new proceeding in the district court.

Order modifying decree reversed. Costs to appellant.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.