723 P.2d 904

Jimmy P. KEESEE and Ruby J. Keesee, husband and wife, Plaintiffs-Appellants,

v.

Joseph P. FETZEK and Allied Investments, Inc., an Idaho corporation, Defendants-Respondents.

No. 16103.

Court of Appeals of Idaho.

May 30, 1986.

On Petition for Rehearing
July 30, 1986.

Gary L. Morgan (Morgan & Wellman), Caldwell, for plaintiffs-appellants, Daniel T. Eismann (Eismann & Wood), Caldwell, for appellants on petition for rehearing.

Stanley W. Welsh (argued) and Sara M. Thorpe (Clemons, Cosho & Humphrey, P.A.), Boise, for defendants-respondents Fetzek.

BURNETT, Judge.

This is the second appellate round of a battle over remedies for a buyer's default on a real estate contract. The principal issue presented today is whether the sellers are estopped to pursue remedies other than forfeiture. The district court held that they are. We affirm.

The facts are undisputed. As noted in our first decision, *Keesee v. Fetzek*, 106 Idaho 507, 681 P.2d 600 (Ct.App.1984) (*Keesee I*), Jimmy and Ruby Keesee sold urban land and a furnished house to Joseph Fetzek on an installment contract. Fetzek later assigned his interest to Allied Investments, Inc., but did not obtain a release from his contract obligation to the sellers. The buyer's assignee eventually allowed the contract to go into default. The sellers notified the buyer and the assignee that

the contract would be terminated—resulting in a forfeiture—if the default were not cured. No cure was forthcoming.

The sellers then sued on the contract, rather than terminating it, because the property had deteriorated to a value less than the contract balance. The buyer resisted any attempt to collect on the contract, arguing that the sellers irrevocably had "elected" the remedy of forfeiture and, in any event, that a forfeiture was self-executing after the buyer failed to cure the default. The district court accepted these arguments and entered summary judgment for the buyer. But in *Keesee I* we reversed. We held that the default notice contemplated future action by the sellers to terminate the contract; consequently, the forfeiture was not self-executing. We further held that "election of remedies" is an obsolete doctrine no longer recognized in Idaho:

> If a plaintiff is said to have "elected" a remedy, through certain acts or statements prior to litigation, the proper inquiry should be whether the defendant has relied upon such acts or statements and, therefore, would be unfairly prejudiced by assertion of a different, inconsistent remedy. If so, the plaintiff should be bound to the remedy earlier chosen, not because of the election doctrine but because of the estoppel principle. Absent estoppel, he should be free to choose a different remedy.

*Id.* at 510–11, 681 P.2d at 603–04. We remanded the case to the district court.

There the buyer again moved for summary judgment. He presented new affidavits showing that he had relied upon the representation in the default notice that the contract would be terminated. These affidavits disclosed that another default had occurred earlier. The default notice on that occasion referred to forfeiture and to "other" remedies if the default was not cured.

The buyer stepped in and cured the default. In contrast, when the instant default occurred, the sellers' notice specified forfeiture as the sole consequence of failure to cure, even though the sellers then knew that the property had deteriorated.[1] Because the buyer had conveyed his interest to the assignee, a forfeiture would not have affected him adversely. He allowed the cure period to pass.

These new facts were not controverted by the sellers. The district court granted the buyer's renewed motion for summary judgment, holding that the sellers were limited by estoppel to the remedy of forfeiture. This appeal followed.

The sellers have challenged the summary judgment on procedural and substantive grounds. They contend that the district court erred procedurally by adopting verbatim findings of fact and conclusions of law received from the buyer's attorney. Substantively, the sellers urge that the elements of estoppel are not fully satisfied by the undisputed facts now in the record.

■ The procedural issue requires little discussion. Although findings of fact and conclusions of law are encouraged in summary judgment cases, they are not mandatory. *E.g., Bank of Idaho v. Nesseth,* 104 Idaho 842, 664 P.2d 270 (1983). Accordingly, counsel's role in preparing any such findings and conclusions could not be fatal to the judgment. Moreover, even in cases that go to trial, lawyer-drafted findings will be upheld if they are supported by the evidence. *E.g., Marshall Brothers, Inc. v. Geisler,* 99 Idaho 734, 588 P.2d 933 (1978). Here, the findings accurately summarize the undisputed facts. The judgment will not be disturbed solely upon account of counsel's role in assisting the court.

■ Turning to the substantive issue, we note that the district judge did not enumer-

---

1. The notice in question mentioned the condition of the property. After the notice was sent, the depressed value of the property was confirmed by an appraisal. However, the sellers did not amend the notice, or otherwise communicate an intent to enforce the contract, before filing suit. The sellers later moved unsuccessfully to dismiss the suit, in order to send an amended notice of default. The district court's refusal to dismiss the case for this purpose has not been raised as an issue on appeal.

ate and analyze the elements of estoppel. Perhaps for that reason, the parties have debated whether the court based its decision upon equitable estoppel or upon quasi estoppel. We will consider both.

Our Supreme Court has articulated the elements of equitable estoppel as follows:

> The elements of equitable estoppel are, (1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth, (2) the party asserting estoppel did not know or could not discover the truth, (3) the false representation or concealment was made with the intent that it be relied upon and (4) the person to whom the representation was made or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice.

*Twin Falls Clinic & Hospital Building Corp. v. Hamill*, 103 Idaho 19, 22, 644 P.2d 341, 344 (1982). Among these elements, the most problematic in the present case is the first one—the requirement of a false representation of a material fact, with actual or constructive knowledge of the truth. The sellers have urged, and the buyer's counsel virtually has conceded, that the sellers' reference to forfeiture in the default notice was not a false representation of fact made with knowledge of the truth. It was, at most, a statement of intent concerning a future choice among remedies available for the default. The buyer does not contend that the sellers misrepresented their actual choice at the time. Rather, the sellers simply may have changed their minds upon later determining that forfeiture would not be the remedy most advantageous to them. Accordingly, for the sake of discussion, we will accept the sellers' argument that this is not the kind of "false representation or concealment of a material fact" contemplated by the doctrine of equitable estoppel. We move on to quasi estoppel.

■ Quasi estoppel is a broadly remedial doctrine, often applied ad hoc to specific fact patterns. It "precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken by him." *KTVB, Inc. v. Boise City*, 94 Idaho 279, 281, 486 P.2d 992, 994 (1971). The doctrine is designed to prevent a party from reaping an unconscionable advantage, or from imposing an unconscionable disadvantage upon another, by changing positions. *E.g., Dawson v. Mead*, 98 Idaho 1, 557 P.2d 595 (1976); *Lupis v. Peoples Mortgage Co.*, 107 Idaho 489, 690 P.2d 944 (Ct.App.1984). Quasi estoppel, unlike equitable estoppel, does not require misrepresentation by one party or actual reliance by the other. *Evans v. Idaho State Tax Commission*, 97 Idaho 148, 540 P.2d 810 (1975).

Unless accompanied by reliance, quasi estoppel would not conform to the view of estoppel we expressed in *Keesee I*. There, it will be recalled, we stated that when "a plaintiff is said to have 'elected' a remedy, through certain acts or statements prior to litigation, the proper inquiry is whether the defendant has *relied* upon such acts or statements ...." 106 Idaho at 510, 681 P.2d at 603 (emphasis added). But here reliance has been established. It is undisputed that the buyer, who had cured an earlier default in response to a notice referring to "other" remedies, decided to forego curing the default in this instance because the sellers' notice told him that the consequence for not curing would be forfeiture—a consequence he was willing to accept. The buyer claims—and it is uncontroverted—that if "other" remedies had been mentioned, he would have cured the default and this lawsuit would have been avoided.

Accordingly, we hold that quasi estoppel may be applied to this case. We further hold that the elements of quasi estoppel are satisfied here. The sellers have changed their position, subjecting the buyer to the expense of avoidable and unwanted litigation. Moreover, they now seek to collect the balance of the contract, whereas previously the buyer would have been required only to cure the then existing default. The buyer has been unfairly prejudiced, and stands to suffer an unconscionable detri-

ment, as a result of the sellers' change in position. We conclude that quasi estoppel, accompanied in this case by reliance, justifies limiting the sellers to their original choice of forfeiture as a remedy.[2]

The summary judgment is affirmed. Costs to respondent Fetzek. No attorney fees on appeal.

WALTERS, C.J., and HUNTLEY, J. Pro Tem., concur.

## ON PETITION FOR REHEARING

This opinion supplements the Court's prior opinion dated May 30, 1986

BURNETT, Judge.

The sellers have petitioned for rehearing on the ground that our decision misapplies the doctrine of estoppel. They argue that the buyer has not suffered a detriment sufficient to invoke estoppel and, in any event, that estoppel confers an unfair advantage upon the buyer in the circumstances of this case. For reasons explained below, we adhere to our decision.

Simply stated, the sellers' argument concerning detriment is that if the real estate contract were enforced, the buyer would be liable only for the cost of curing the default—not for the entire unpaid balance—because the contract contains no explicit acceleration clause. So far as the record discloses, this argument is being made for the first time on appeal. No issue concerning the right to accelerate was raised below. Indeed, the sellers' complaint sought judgment for the full contract balance. The sellers later sought unsuccessfully to dismiss their complaint without prejudice, so that a revised notice of default—referring to remedies other than forfeiture—could be sent to the buyer. But the sellers never moved to amend their complaint by withdrawing or qualifying the allegation that they were entitled to judgment for the entire amount owed on the contract.

It is well settled in Idaho that issues in civil cases will not be considered on appeal unless they have been presented at the trial level. *E.g., Green v. Young,* 102 Idaho 735, 639 P.2d 433 (1981). Accordingly, we are constrained to disregard the sellers' assertion that the contract cannot be accelerated. Absent that predicate, the sellers' argument regarding lack of substantial detriment must fail.

We now turn to the contention that estoppel confers an unfair benefit upon the buyer. We do not gainsay that our decision relieves the buyer of further liability on the contract. Conversely, the sellers will receive the subject property in forfeiture. This, of course, is precisely the consequence specified in the sellers' notice of default, sent to the buyer at a time when the deteriorated condition of the property was known. The result may be unfortunate for the sellers, but we cannot characterize it as unfair.

We have examined cases cited by the sellers to illustrate the proposition that estoppel should not be employed to reach an unfair result. We find them to be distinguishable. In *Gay Johnson's Wyoming Automotive Service Co. v. City of Cheyenne,* 367 P.2d 787 (Wyo.1961), *opinion on rehearing,* 369 P.2d 863 (Wyo.1962), a developer asked a city to vacate certain streets and alleys, presumably so the developer could acquire them. The city did so, but then it undertook to sell the land to a third party. When the developer sued to enjoin the sale, the third party claimed that the developer was estopped to challenge the city's action. The Wyoming Supreme Court held that the city had no title to convey in vacated land, and that estoppel could not create for the third party a property right that did not otherwise exist. We find nothing in that holding to alter our view of the present case.

In *Varela v. Board of Police Commissioners,* 107 Cal.App.2d 816, 238 P.2d 62 (1951), a city employee who claimed, in

---

**2.** Among the "other" remedies now sought by the sellers is recovery of damages for waste to the premises. Whether such recovery is wholly inconsistent with forfeiture, or is a permissible adjunct to it, is a question not raised or briefed on appeal. We will not reach it *sua sponte.*

essence, that he had been wrongfully discharged, sued for reinstatement. Filing of suit was delayed by an abortive agreement with certain city officials who told the plaintiff that he would be voluntarily rehired. However, authority to determine any right of reinstatement was vested in a separate administrative board. The former employee's claim was not presented to the board until a time limit on its jurisdiction had elapsed. When the former employee sued, the city asserted a defense of laches. The former employee responded that the city should be estopped to raise this defense. The California appellate court disagreed, holding that the former employee shared responsibility for failure to obtain a timely hearing before the board. Again, we find nothing in that holding which affects our analysis of the instant case.

We conclude that the sellers have not established a ground for changing the Court's decision. Accordingly, their petition for rehearing is denied.

WALTERS, C.J., and HUNTLEY, J. Pro Tem., concur.