788 P.2d 239

**Pamela J. Wadley KLASSERT, Plaintiff–Respondent,**

v.

**Jeffrey P. WADLEY, Defendant–Appellant.**

**No. 17961.**

Court of Appeals of Idaho.

March 2, 1990.

James H. Paulsen, Sandpoint, for defendant-appellant.

Paul W. Vogel, Sandpoint, for plaintiff-respondent.

BURNETT, Judge.

This is an appeal from a district court decision upholding a magistrate's order on

child support. The dispositive issue is whether a stipulation modifying the support obligation could be given retroactive effect to a date before the stipulation was submitted to the court for approval. The magistrate and the district court said "no". We agree. On an ancillary issue, however, we reverse the district court's award of attorney fees on appeal.

The underlying facts of this case are complex. Pamela J. Wadley (Klassert) and Jeffrey P. Wadley were married in 1971. Two children were born during the marriage. The wife sought a divorce in 1978. After a trial and numerous hearings, a decree was entered in April, 1981. Central to the protracted litigation was a child custody dispute, which the magistrate ultimately resolved in favor of the wife. The magistrate's decree directed the husband to pay $150 per month ($75 per child) as support for the period extending from the parties' separation to a date one year after the divorce. The decree further provided that the husband would pay $200 per month ($100 per child) after that date.

The husband defaulted in 1981. Because the wife was receiving public assistance, the state secured a judgment for back child support. By February, 1987, the husband again was in arrears on his child support payments. This time the wife, acting in her own behalf, obtained a judgment and writ of execution against the husband's real property, which was sold by the sheriff in April, 1987. In June of that year, the husband submitted to the court for the first time a written stipulation, signed by the parties and their counsel in January, 1982, providing that the husband's future child support payments would be frozen at $150 per month ($75 per child). Through apparent oversight, the stipulation had not been submitted to the court when signed, but had lain dormant until it was rediscovered in 1987.

The husband moved to have the stipulation entered and approved. After a hearing, the magistrate granted the motion. The husband then filed a motion to vacate the February, 1987, judgment on the child support arrearage, and to set aside the

sheriff's sale on the writ of execution, because the judgment was predicated upon a total support obligation of $200 per month rather than $150 per month as recited in the stipulation. The magistrate denied this motion, holding that the husband was responsible for paying $200 per month from April, 1982, until the stipulation altering that amount was submitted to the court for approval. The husband appealed to the district court, where the magistrate's order was affirmed. In addition, the district court held the appeal to be frivolous and awarded attorney fees to the wife. This appeal followed.

## I

■ We first examine the child support issue. Because the issue is the same as that considered by the district court in its appellate capacity, we review the record with due regard for, but independently of, the district court's decision. *Hentges v. Hentges*, 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988). The issue is framed by two arguments advanced by the husband. First, he contends the parties are free to bargain with respect to amounts of child support obligations, regardless of court approval. Second, he contends that equity requires retroactive application of the stipulation in this case. We will address each contention in turn.

## A

The bargaining contention requires us to focus upon I.C. § 32–709. The statute provides that a decree respecting support may be modified *"only as to installments accruing subsequent to the motion for modification and only upon a showing of good cause."* (Emphasis added.) The magistrate pointed to this statute in holding that the child support stipulation could not be given retroactive effect back to its signature date in 1982. Nonetheless, the husband has asserted that the stipulation should be deemed effective when signed by the parties because that is what they intended. According to the husband, even if the statute provides for support modifications to become effective only upon submis-

sion to the court, there is no reason for the judiciary to prevent the parties from agreeing to waive any requirement contained in the statute.

This argument fails on several grounds. First, the stipulation is silent regarding I.C. § 32–709. It contains no language of waiver relating to court approval of the support modification. Second, although some statutory benefits and protections can be waived by contract, *see, e.g., Chittenden & Eastman Co. v. Leasure*, 116 Idaho 981, 783 P.2d 320 (Ct.App.1989) (contract relating to attorney fees), the stipulation here was not a conventional contract. Rather, it was a special kind of contract involving third parties, the children, who were beneficiaries of the support provisions of the divorce decree. Recognizing the separate interests of children—and the judiciary's duty to protect those interests—courts in other states have held that a statutory requirement of court approval cannot be waived by contract. *See, e.g., Evans v. Evans*, 17 Ariz.App. 323, 497 P.2d 830 (1972); *Napoleon v. Napoleon*, 59 Haw. 619, 585 P.2d 1270 (1978).

Idaho case law is in general accord with this position. For example, the parties to a divorce cannot by contract divest the court of its continuing jurisdiction in matters concerning minor children. *McFarland v. Crawford*, 97 Idaho 458, 459, 546 P.2d 855, 856 (1976). Neither can the parties bargain away the children's rights under child custody statutes, *Patton v. Patton*, 88 Idaho 288, 399 P.2d 262 (1965), or the children's entitlement to "suitable provision for [their] support." *Keyes v. Keyes*, 51 Idaho 670, 674, 9 P.2d 804, 805 (1932). We see no reason to turn away from this clear trend in recognizing children's interests. While we acknowledge the principle of freedom of contract between adults, this principle must yield when statutorily protected interests of children are at stake.

Therefore, the clear language of I.C. § 32–709 must be followed. A support decree may be modified only as to support installments accruing subsequent to a motion for modification ultimately granted by the court. An agreement, such as the one here, cannot be given retroactive effect to an earlier date.

B

The husband argues, in the alternative, that equity requires full retroactivity. Specifically, he contends that quasi estoppel should preclude the wife from collecting in 1987 a judgment based on child support above the level to which she agreed in 1982. We are unpersuaded. Estoppel of the wife would not necessarily extinguish the interests of the children. Moreover, quasi estoppel simply "precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken by him." *KTVB, Inc. v. Boise City*, 94 Idaho 279, 281, 486 P.2d 992, 994 (1971). Quasi estoppel is designed to prevent a party from reaping an unconscionable advantage, or from imposing an unconscionable disadvantage upon another, by changing positions. *Keesee v. Fetzek*, 111 Idaho 360, 362, 723 P.2d 904, 906 (Ct.App. 1986). Here, we perceive no unconscionability in requiring the husband to pay support in the full amount provided by the divorce decree, until the stipulation for modification was submitted to the court.

II

■ Next we consider the attorney fee issue. The husband challenges the district court's award of attorney fees to the wife in the appeal below. He contends that the district court improperly applied the standard for awarding fees under I.C. § 12–121. In contrast, the wife asks us to uphold the award and to make a further award on appeal.

Idaho Code § 12–121 applies to all civil actions. Where an appeal in a divorce action is brought frivolously and without foundation, an appellate court may award fees under that statute. *See, e.g., McPherson v. McPherson*, 112 Idaho 402, 732 P.2d 371 (Ct.App.1987). Awards of attorney fees under I.C. § 12–121 are committed to the sound discretion of the court making the award. *Camp v. Jiminez*, 107 Idaho 878, 693 P.2d 1080 (Ct.App.1984).

In the present case, however, we believe the district court's award of fees was unwarranted. The husband's appeal to the district court was unavailing, but it was not frivolous, unreasonable or without foundation. His claim encompassed a fairly debatable issue as to whether freedom of contract allows the parties to bargain around the statutory prohibition against retroactive modification of child support payments. Moreover, we have held that when an appeal is decided by reference to legal authorities in other states, and therefore helps to develop Idaho law, the appeal is not frivolous. *Shelton v. Boydstun Beach Ass'n*, 102 Idaho 818, 641 P.2d 1005 (Ct.App.1982). Accordingly, we conclude that the district judge abused his discretion in awarding attorney fees to the wife under I.C. § 12–121. The order awarding attorney fees is reversed. For the same reasons, we decline to award attorney fees in the present appeal.

In sum, the decision of the district court, upholding the magistrate's order as to child support, is affirmed. The district court's order awarding attorney fees on appeal is reversed. No costs or attorney fees are awarded in the appeal to this Court.

WALTERS, C.J., and McQUADE, J. Pro Tem., concur.