917 F.2d 27
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Gloria J. FAGUNDES, individually and as Guardian Ad Litem
for Jason L. Fagundes and Anthony P. Fagundes,
Estate of Frank Fagundes, Deceased,
Plaintiffs-Appellants,
v.
SOLOY CONVERSIONS, LTD., a Washington corporation,
Rogerson-Hiller Corp., a subsidiary of Rogerson Aircraft
Corp., a California corporation, Hiller Corporation, a
corporation, and Conrad Moreno, an individual, Defendants-Appellees.
 No. 89-35897.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1990.
Decided Oct. 25, 1990.
 Before KOZINSKI, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs appeal the district court's grant of summary judgment in favor of defendants Conrad Moreno and Rogerson-Hiller. Plaintiffs also appeal the court's denial of leave to amend their complaint. We affirm.
 
 
 3
 I. Defendant Moreno's Immunity from Tort Liability
 
 
 4
 Under Idaho's workmen's compensation statute, employers are immune from tort liability for death or injuries resulting from occupational accidents. Idaho Code Sec. 72-209(1). In a joint venture, each adventurer is the statutory employer of the employees engaged in the venture. See Rhodes v. Sunshine Mining Co., 113 Idaho 162, 742 P.2d 417, 420 (1987).
 
 
 5
 A. A joint venture exists if both parties contribute money, knowledge, skill or other assets to a common undertaking; they have a joint property interest in the subject matter of the venture, a right of mutual control, an expectation of profits and a right to participate therein; and the objective is limited to a single undertaking. Rhodes, 742 P.2d at 420-21. Each of these requirements was met. Moreno contributed the idea of getting contracts with the Fish and Game Department, negotiated the contracts, supplied the helicopter and expertise, and provided support. Crowe provided the Part 135 certificate and some training. As a result of the agreement each had a mutual interest in the contracts and the right to control and manage their performance. Each party expected to make money: They agreed that 10% of gross proceeds would go to Crowe and 90% to Moreno. Although multiple contracts were involved, their objective was limited to a single undertaking: the performance of helicopter flights for Idaho Fish and Game personnel.
 
 
 6
 B. In determining whether an individual is a statutory employee of a joint venture (and therefore of the adventurers), Idaho law looks to whether the adventurer (1) had a right to control or direct the employee, (2) was the owner or lessee of the premises where the injury occurred, (3) was the proprietor or operator of the business, and (4) paid or contributed to the plaintiff's workmen's compensation premiums. Rhodes, 742 P.2d at 422. Moreno supervised Fagundes' daily activities; he owned the helicopter in which the accident occurred; he had a larger equity stake in the business than anyone else; and he paid Fagundes' initial wages and workmen's compensation premium. We therefore conclude that, as a matter of law, Fagundes was an employee of the joint venture. Because Fagundes was an employee of the joint venture, each of the joint venturers was his statutory employer and each was insulated from liability under Idaho's workmen's compensation laws. Id. at 422-23.
 
 
 7
 C. Moreno is not estopped from claiming he was an employer. Neither estoppel nor quasi-estoppel applies absent a change in position by the person against whom the doctrine is invoked. Evans v. Idaho State Tax Comm'n, 97 Idaho 148, 540 P.2d 810, 812 (1975). There is no evidence that Moreno held himself out as not being Fagundes' employer prior to the accident.
 
 II. Successor Liability of Rogerson-Hiller
 
 8
 Successor liability under the product line continuation theory of Ray v. Alad, 19 Cal.3d 22, 560 P.2d 3 (1977), requires a showing that the successor's purchase of the assets caused the destruction of the plaintiff's remedies. 19 Cal.3d at 31. In Nelson v. Tiffany Indus. Inc., 778 F.2d 533 (9th Cir.1985), we held that where assets are sold in a bankruptcy proceeding, it is the filing of the bankruptcy petition that causes the destruction of the plaintiff's remedies, not the subsequent purchase of assets. Id. at 537. Rogerson-Hiller, just like the defendant in Nelson, purchased assets in a bankruptcy proceeding. Because the bankruptcy proceeding, not the purchase of assets, destroyed plaintiffs' remedies, plaintiffs cannot prevail on a successor liability theory. Id. at 536-37.
 
 III. Denial of Leave to Amend Complaint
 
 9
 Plaintiffs filed a motion to amend the complaint one and one-half years after the action had commenced; substantial discovery had already taken place. The claim plaintiffs sought to add--negligent failure to warn--has different elements than the successor liability claim originally pleaded. It would have required additional discovery, prejudicing defendants. The district court did not abuse its discretion in finding that the motion was untimely, would result in undue delay and would prejudice the defendants.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3