826 P.2d 492

**TREASURE VALLEY BANK, Plaintiff–Counterdefendant–Respondent,**

v.

**Donald P. BUTCHER and Helen L. Butcher, husband and wife, Defendants,**

and

**Harmon H. Johnson and Elizabeth Johnson, husband and wife, Defendants–Counterclaimants–Appellants.**

**Harmon H. JOHNSON and Elizabeth Johnson, husband and wife, Third–Party Plaintiffs–Appellants,**

v.

**David L. DYKSTRA and Jackie Dykstra, husband and wife, Third–Party Defendants.**

No. 19138.

Court of Appeals of Idaho.

Feb. 25, 1992.

Gary L. Morgan, Caldwell, for defendants-counterclaimants-appellants.

Uranga, Uranga & Beiter, Louis L. Uranga, Boise, for plaintiff-counterdefendant-respondent.

PER CURIAM.

Harmon and Elizabeth Johnson appeal from a summary judgment quieting title to certain real property in favor of the respondent, Treasure Valley Bank. The Johnsons contend that summary judgment was inappropriate in view of their equitable defense of quasi-estoppel. We affirm.

The underlying facts of this case are as follows. Harmon and Elizabeth Johnson attempted to purchase real property, formerly owned by the partnership of DB2 Enterprises, acquired by Treasure Valley Bank through foreclosure. When the preliminary title search disclosed the existence of a prior recorded deed of trust in favor of Merle Beckley, the sale was terminated and Treasure Valley Bank brought this action to remove the cloud from the property's title. It later developed that Beckley previously had executed an agreement subordinating his deed of trust to that of Treasure Valley Bank. The subordination agreement was never recorded, however.

Treasure Valley Bank told the Johnsons it could not locate any subordination agreement in its files and that it believed such an agreement not to exist. However, the

Johnsons were aware a subordination agreement had been executed, but because they believed it was probably invalid, they did not tell the bank. Instead, the Johnsons purchased the earlier-recorded Beckley deed of trust from its assignees and then claimed to have priority rights over the deed held by the bank.

In the course of discovery, Treasure Valley Bank ultimately located the subordination agreement, which evidently had been misfiled. When the bank learned that the Johnsons had actually known of the agreement's existence, it moved for summary judgment asserting that the subordination agreement gave its deed priority. The district court granted the motion and entered a judgment quieting title in Treasure Valley Bank. On appeal, the Johnsons contend that the doctrine of quasi-estoppel bars the bank from asserting its rights under the subordination agreement.

■ In reviewing the district court's decision on summary judgment, the standard of review is whether there are any genuine issues of material fact and, if not, whether the prevailing party was entitled to judgment as a matter of law. In making those determinations, the reviewing court will construe all facts in the record, together with all reasonable inferences, in the light most favorable to the party opposing the motion for summary judgment. I.R.C.P. 56(c); *Ray v. Nampa School Dist. No. 131*, 120 Idaho 117, 814 P.2d 17 (1991).

■ Here, the material facts are not disputed; the sole issue is whether the doctrine of quasi-estoppel applies to bar Treasure Valley Bank from asserting its rights under the subordination agreement. The doctrine of quasi-estoppel is properly invoked against a person asserting a right inconsistent with a position previously taken by him, with knowledge of the facts and his rights, to the detriment of the person seeking to apply the doctrine. *Evans v. State Tax Comm'n*, 97 Idaho 148, 150, 540 P.2d 810, 812 (1975); *KTVB, Inc. v. Boise City*, 94 Idaho 279, 282, 486 P.2d 992, 995 (1971); *Wells v. United States Life Ins. Co.*, 119 Idaho 160, 165, 804 P.2d 333, 338 (Ct.App.1991). The doctrine is designed to

prevent a party from reaping an unconscionable advantage, or from imposing an unconscionable disadvantage upon another, by changing positions. *See Tommerup v. Albertson's Inc.*, 101 Idaho 1, 6–7, 607 P.2d 1055, 1060–61 (1980); *Keesee v. Fetzek*, 111 Idaho 360, 723 P.2d 904 (Ct.App.1986).

■ The Johnsons argue that the bank's assertion of rights under the subordination agreement is inconsistent with its "previous position" that it could not locate the agreement in its files and that it believed the agreement did not exist. In support of their argument, the Johnsons reference the following statement of their attorney, who was present at a meeting with Treasure Valley Bank's representative, Wally Howard:

> Wally Howard advised Harmon Johnson, Dave Dykstra, and your affiant that the bank had searched its files and could not locate a subordination agreement, and that to his (Howard's) knowledge one did not exist.

Affidavit in Opposition to Motion for Summary Judgment, ¶ 7 (C.R. p. 144).

We do not view Mr. Howard's statement of fact and belief to constitute the taking of a position inconsistent with the bank's subsequent assertion of rights under the later-discovered document. Even if this qualified statement could be viewed as an inconsistent "position," it is clear such position was taken without knowledge of the material facts, and therefore without knowledge of the bank's rights. Moreover, we find nothing unconscionable in permitting Treasure Valley Bank to assert its legal rights under the agreement, regardless of the Johnsons' opportunistic change in position. To the contrary, equity will not assist the Johnsons in benefiting from Treasure Valley Bank's inability to discover what the Johnsons in fact knew to exist.

We conclude that the Johnsons' claim of quasi-estoppel is inapplicable to the facts of this case. The summary judgment therefore is affirmed.

■ Because Treasure Valley Bank has prevailed in this appeal, it is entitled to

an award of its costs. I.A.R. 40. Treasure Valley Bank also has requested attorney fees under I.C. § 12–121. Having reviewed the record and arguments presented, this Court is left with the abiding belief that the appeal was brought frivolously, unreasonably and without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979); *Pass v. Kenny*, 118 Idaho 445, 449, 797 P.2d 153, 157 (Ct.App. 1990). Consequently, Treasure Valley Bank is also entitled to an award of reasonable attorney fees. I.A.R. 41.